UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAJID ALFARAG, <br><br>                    Plaintiff, <br><br>      v. <br><br> LOUIS DEJOY, Postmaster General, United States Postal Service, <br><br>                    Defendant. | CASE NO. 2:22-cv-1745 <br><br> ORDER DENYING REQUEST FOR COUNSEL |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (Dkt. No. 7). Having reviewed the Motion, the Complaint ("Compl." (Dkt. No. 4)), and all other relevant materials, the Court DENIES Plaintiff's Motion.

Plaintiff began this case on December 12, 2022, seeking leave to proceed in forma pauperis ("IFP"). (Dkt. No. 1.) The Court granted leave to proceed IFP and Plaintiff subsequently filed his Complaint alleging Employment Discrimination under Title VII of the Civil Rights Act of 1964. (Compl. at 3.) Plaintiff's Complaint alleges that while employed as a mail handler at the United States Postal Service in Federal Way, Washington, his managers

discriminated against him for being Muslim and a person of color. (Compl. at 5.) Plaintiff now moves for Court appointed counsel. (Dkt. No. 7.) Defendant has not yet appeared in this case and therefore did not file a response to Plaintiff's request.

In proceedings IFP, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). The decision to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989). A finding of the exceptional circumstances requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. at 1332.

A review of Plaintiff's Complaint indicates no exceptional circumstances that would justify appointment of counsel. Plaintiff's claim does not appear to be particularly complex, and he is able to articulate his claim with clarity in the Complaint. The Court also considers Plaintiff's likelihood of success on the merits of his case and finds that the likelihood is not so apparent as to warrant the appointment of counsel. Plaintiff's claims took place from 2017-2018, and briefly in 2019. As such, Plaintiff will likely have to overcome the statute of limitations hurdle before he can even be heard on the merits of his Complaint. Viewing both of these factors together, the Court finds the case is not appropriate for Court appointed counsel, and Plaintiff's Motion is DENIED.

//

1 | The clerk is ordered to provide copies of this order to all counsel.

2 | Dated February 15, 2023.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING REQUEST FOR COUNSEL - 3