UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAJID ALFARAG,<br><br>              Plaintiff,<br><br>  v.<br><br>LOUIS DEJOY, Postmaster General, U.S. Postal Service,<br><br>              Defendant. | CASE NO. 2:22-cv-1745<br><br>ORDER DENYING SECOND REQUEST FOR COUNSEL |

This matter comes before the Court on Plaintiff's Second Motion to Appoint Counsel (Dkt. No. 28). Having reviewed the Motion, the Complaint ("Compl." (Dkt. No. 4)), and all other relevant materials, the Court DENIES Plaintiff's Motion.

**BACKGROUND**

Plaintiff began this case on December 12, 2022, seeking leave to proceed in forma pauperis ("IFP"). (Dkt. No. 1.) The Court granted leave to proceed IFP and Plaintiff subsequently filed his Complaint alleging Employment Discrimination under Title VII of the Civil Rights Act of 1964. (Compl. at 3.) The Complaint alleges that while employed as a mail

handler at the United States Postal Service in Federal Way, Washington, Plaintiff's managers discriminated against him for being Muslim and a person of color. (Compl. at 5.) Less than a month after filing his Complaint, Plaintiff moved for Court appointed counsel, (Dkt. No. 7,) which was denied. (Dkt. No. 10.) He then unsuccessfully moved for reconsideration of that denial. (Dkt. Nos. 11–12.)

Defendant has since moved the Court for judgement on the pleadings, (Dkt. No. 26,) seeking the dismissal of Plaintiffs' lawsuit with prejudice. Plaintiff then filed a second Motion to Appoint Counsel (Dkt. No. 28.) The Parties stipulated to extend Plaintiff's deadline to respond to Defendant's motion for judgment on the pleadings, so that Plaintiff would have an additional 60 days "to search for legal representation." (Dkt. No. 30 at 1.)

**ANALYSIS**

In proceedings IFP, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). The decision to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989). A finding of the exceptional circumstances requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id.

A second review of Plaintiff's Complaint again reveals no exceptional circumstances that would justify appointment of counsel. Plaintiff's Complaint has not changed since he last requested counsel. (Dkt. No. 7.) The Court already denied that request, (Dkt. No. 10,) and also

denied Plaintiffs motion for reconsideration. (Dkt. No. 12.) Although Plaintiff has made additional efforts to find an attorney, (see Dkt. No. 28-1 at 2,) his Complaint and claims remain the same.

Because the Plaintiff's Complaint and claims remain the same, the Court's analysis and decision do too. Again, Plaintiff's claims do not appear to be particularly complex, and he is able to articulate his claims with clarity in the Complaint. The Court again finds that the Plaintiff's likelihood of success on the merits of his case not so apparent as to warrant the appointment of counsel. Plaintiff's claims took place from 2017–18, and briefly in 2019. Plaintiff will likely have to overcome threshold issues, such as the timeliness of his claims and whether he exhausted his administrative remedies, before his claims may proceed in court.

## CONCLUSION

The Court finds that Plaintiff's claims are not particularly complex and his likelihood of success is not apparent. Viewing both of these factors together, the Court again finds the case is not appropriate for Court-appointed counsel. Plaintiff's Motion is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 12, 2024.

Marsha J. Pechman
United States Senior District Judge