UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAJID ALFARAG,

               Plaintiff,

    v.

LOUIS DEJOY, Postmaster General,
U.S. Postal Service,

               Defendant.

CASE NO. 2:22-cv-1745

ORDER OF DISMISSAL WITH
PREJUDICE

## INTRODUCTION

This matter comes before the Court on Defendant Louis DeJoy's Motion for Judgement on the Pleadings (Dkt. No. 26) and Motion to Strike All Deadlines and Stay Case (Dkt. No. 35). Having reviewed the Motion, Plaintiff Majid Alfarag's Opposition (Dkt. No. 32), the Reply (Dkt. No. 33), the Surreply (Dkt. No. 34), and all supporting materials, the Court GRANTS the Motion for Judgement on the Pleadings. Alfarag's Complaint is DISMISSED WITH PREJUDICE. Accordingly, the Court DENIES as MOOT DeJoy's Motion to Strike.

## BACKGROUND

Alfarag was employed by the United States Postal Service ("USPS") as a mail handler assistant at the Seattle Network Distribution Center from 2017 through April 20, 2018. (Dkt. No. 4 at 4–5; see also Declaration of Alixandria Morris ("Morris Decl."), Dkt. No. 27, Ex. 2 at 8.) Alfarag alleges that throughout his employment, USPS management treated him "differently" and accused him of being "a terro[r]ist, liar and dishonest." (Dkt. No. 4 at 4.) During his tenure at USPS, Alfarag twice violated policies regarding requesting leave. (See Morris Decl., Ex. 2 at 11–15.) After his second such policy violation, Alfarag resigned in lieu of termination on April 20, 2018. (Mot. at 3 n.1.) Construing the Complaint in Alfarag's favor, the Court views Alfarag's resignation as a termination for purposes of this Order. (Id.)

Between June 2018 and May 2022, Alfarag filed five separate EEO complaints regarding his employment, termination, and USPS's refusal to rehire him for a position. (See Morris Decl. ¶¶ 2–8.) Alfarag's Complaint appears to rely on only his fourth EEO complaint. (See Dkt. No. 4 at 11–15.) The Court takes judicial notice of the additional four EEO complaints and their dispositions as they are matters of public record. See Lacayo v. Donahoe, No. 14-CV-04077, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015) ("In the context of employment discrimination cases specifically, it is well established that courts may consider the administrative record of a plaintiff's claims before the EEOC as judicially noticeable matters of public record."). Alfarag's five complaints are as follow:

June 2018: Alfarag first sought EEO pre-complaint counseling on June 8, 2018, 49 days after his termination. (Morris Decl., Ex. 1 at 2.) He then filed a formal EEO complaint on October 30, 2018. (Morris Decl., Ex. 2 at 2.) USPS conducted an investigation which resulted in a 30-page final agency decision issued on May 12, 2020, which dismissed Alfarag's claims.

1    (Morris Decl., Ex. 2 at 2, 31.) The USPS investigator detailed Alfarag's unhelpfulness during the

2    investigation, finding that Alfarag "failed to provide a completed affidavit in support of the

3    complaint and only partially responded to many of the questions to which he did respond." (Id. at

4    9.)

5           March 2019: 332 days after his termination—and while his first EEO complaint was

6    pending—Alfarag again sought pre-complaint counseling for the same discriminatory practices

7    he previously alleged. (Morris Decl., Ex. 3, at 1–2.) On July 31, 2019, USPS dismissed Alfarag's

8    second complaint via final agency decision on the grounds that he did not seek EEO counseling

9    within the required 45 days. (Id. at 6–7.)

10          September 2020: Alfarag's third EEO complaint alleged that he was subjected to

11   discrimination based on race, national origin, color, sex, and religion when USPS rejected his

12   application for rehire on March 2, 2020. (Morris Decl., Ex. 4 at 2.) In his third EEO complaint,

13   Alfarag alleged that USPS rejected his application on July 19, 2020. (Id.) This allegation appears

14   to be incorrect; USPS found that Alfarag had no employment applications "processed in the

15   July/August 2020 time frame." (Id. at 1–2.) USPS dismissed the third EEO complaint for failure

16   to initiate contact with an EEO counselor within the 45-day regulatory window. (Id.) Alfarag

17   appealed. (Id. at 3.) On appeal, the Equal Employment Opportunity Commission ("EEOC")

18   affirmed the dismissal on May 12, 2020. (Id.)

19          November 2021: Alfarag sought pre-complaint counseling for a fourth EEO complaint on

20   November 3, 2021, largely reiterating his previous claims of discrimination from his three

21   previous complaints. (Morris Decl. Ex. 6 at 2–3.) USPS again dismissed the complaint for failure

22   to initiate contact within an EEO counselor within the 45 days of the adverse action. (Id. at 3.)

23   The EEOC affirmed the Agency's decision on November 14, 2022. (Id. at 4–5.)

24

1    <u>May 2022</u>: On May 16, 2022, Alfarag requested pre-complaint processing for his fifth

2    EEO complaint, again alleging he was subjected to discrimination based on race, color, and

3    religion during his employment at USPS from 2017 to April 2018. (Morris Decl., Ex. 7 at 2.) The

4    USPS again dismissed Alfarag's complaint because he did not seek EEO counseling within the

5    45 days required the guiding regulations. (<u>Id.</u>) On appeal, the EEOC affirmed the dismissal,

6    concluding that Alfarag's pre-complaint counseling had been untimely. (<u>Id.</u> at 3.)

7        Alfarag filed this suit on December 12, 2022, renewing his claims found in his fourth

8    EEO complaint. Specifically, he alleges that he was discriminated against because of his race,

9    color, and religion during and after his tenure at USPS. (<u>See</u> Dkt. No. 4 at 4–5.) During his

10   employment, he alleges that he was subjected to a hostile work environment due to his protected

11   status(es). (<u>Id.</u>) He further claims the same discriminatory animus resulted in USPS terminating

12   his employment in April 2018 and alleges that USPS's refusal to re-hire him in December 2019

13   was not only impermissible racial discrimination, but also violated Title VII's prohibition on

14   retaliation. (<u>Id.</u>)

15       DeJoy now moves for judgment on the pleadings under Federal Rule of Civil Procedure

16   12(c). (Dkt. No. 26.) DeJoy has also moved to also moved to stay the case and strike all

17   deadlines pending the Court's ruling on his motion for judgment on the pleadings. (Dkt. No. 35.)

18                                    **ANALYSIS**

19   **A.    Legal Standard**

20       "After the pleadings are closed—but early enough not to delay trial—a party may move

21   for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). "A judgment on the pleadings is

22   properly granted when, taking all the allegations in the pleadings as true, the moving party is

23   entitled to judgment as a matter of law." <u>Milne ex rel. Coyne v. Stephen Slesinger, Inc.</u>, 430 F.3d

24

1    1036, 1042 (9th Cir. 2005) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708,

2    713 (9th Cir. 2001)).

3    **B.      Alfarag failed to exhaust his administrative remedies.**

4           DeJoy argues Alfarag's case must be dismissed because he failed to exhaust his

5    administrative remedies for each of his five complaints. The Court agrees. The record is clear

6    that none of Alfarag's five EEO complaints were brought within the 45-day window required by

7    29 C.F.R. § 1614.105(a)(1).

8           "In order to bring a Title VII claim in federal court, a plaintiff must first exhaust their

9    administrative remedies." Sommatino v. United States, 255 F.3d 704, 707–08 (9th Cir. 2001)

10   (citing 42 U.S.C. § 2000e–16(c); Greenlaw v. Garrett, 59 F.3d 994, 997 (9th Cir. 1995)). Under

11   the regulatory scheme, the aggrieved employee must first seek EEO counseling within 45 days of

12   the alleged conduct or adverse employment event; only then may the employee submit a formal

13   administrative complaint. Sommatino, 255 F.3d at 707–08 (citing 29 C.F.R. § 1614.105; 29

14   C.F.R. § 1614.106). Failure to seek EEO counseling within 45 days is grounds for dismissal of a

15   Title VII claim. See Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002) ("Although it does

16   not carry the full weight of statutory authority, failure to comply with this regulation has been

17   held to be fatal to a federal employee's discrimination claim.").

18          Alfarag did not comply with the requirements of 29 C.F.R. § 1614.105(a)(1) when he

19   filed any of his five EEO complaints between 2018 and 2022. Indeed, "[e]very single EEO

20   counseling Alfarag sought was outside the 45 days required to notify an EEO counselor of the

21   alleged discriminatory conduct." (Mot. at 8.) This is not in dispute; Alfarag acknowledges his

22   "prior EEO counseling instances occurred outside the 45-day time frame." (Opp. at 6; see also

23   Reply at 1–2.) Because Alfarag failed to exhaust his administrative remedies, the Court finds that

24

his Complaint should be dismissed. And because Alfarag cannot possibly remedy his failure to timely seek EEO counseling, the Court finds it appropriate that its dismissal be made with prejudice. See Int'l Longshore & Warehouse Union v. ICTSI Or., Inc., 863 F.3d 1178, 1187 n.5 (9th Cir. 2017), cert. denied, 138 S. Ct. 1262 (2018) (dismissal upheld where complaint cannot be saved by further amendment.)

**C.    Alfarag's claims are not subject to equitable tolling.**

Alfarag argues that his claims are subject to equitable tolling because the alleged "hostile work environment and retaliatory actions significantly hindered [his] ability to seek timely counseling." (Opp at 3.) The Court disagrees. Alfarag was on notice of the 45-day requirement and provides no tangible reason for why his claims warrant equitable tolling.

The "time period for filing a[n] [EEO] charge is subject to equitable doctrines such as tolling or estoppel." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). However, such equitable doctrines are "to be applied sparingly," by the deciding court. Id.; see also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (per curiam) (cautioning that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). The Ninth Circuit has held that equitable tolling applies when the plaintiff "had neither actual nor constructive notice of the filing period." Leorna v. U.S. Dep't of State, 105 F.3d 548, 551 (9th Cir. 1997) (citing Stallcop v. Kaiser Found. Hosps., 820 F.2d 1044, 1050 (9th Cir. 1987)).

The record here demonstrates that Alfarag had actual notice of the requirement that he request EEO counseling within the 45-day period required by 29 C.F.R. § 1615.105(a)(1). On July 31, 2019, Alfarag received a dismissal of his second formal EEO complaint, which included explicit notice that his complaint was made 332 days after the alleged discrimination occurred

1   and that he was "obligated to request pre-complaint counseling no later than 45 days from the

2   date" of his termination. (Morris Decl., Ex. 3 at 3–4.) The subsequent dismissals also contain

3   clear notice of the 45-day period. (See, e.g., Morris Decl., Ex. 4 at 3; Ex. 6 at 3; Ex. 7 at 3.)

4   Because he had actual notice of the timing requirements, the Court finds that Alfarag's claims

5   are not subject to equitable tolling. See Lake-Seibert v. Brennan, No. C15-925RAJ, 2016 WL

6   410130, at *3 (W.D. Wash. Feb. 2, 2016) (plaintiff's claims were not subject to equitable tolling

7   because a poster displaying applicable EEO guidelines provided notice of the 45-day deadline).

8        Additionally, the Court notes that Alfarag does not provide any evidence as to why his

9   situation warrants setting aside the 45-day requirement. Instead, he relies on a purported "inten[t]

10  to submit supplemental evidence and affidavits detailing the obstacles faced during the relevant

11  period," claiming that this evidence will "provide the necessary factual basis to substantiate [his]

12  claim of USPS's role in impeding timely action." (Dkt. No. 34 at 1.) But the time for Alfarag to

13  provide this evidence was when he filed his opposition to DeJoy's motion for judgement on the

14  pleadings. On this record, the Court declines to apply equitable tolling to Alfarag's claims.

15                                    **CONCLUSION**

16       Alfarag admits that he failed to seek EEO counseling within 45 days of the

17  discriminatory conduct, termination, or failure to rehire that form the basis of his suit. By failing

18  to do so, he did not exhaust his administrative remedies prior to bringing his Title VII claim.

19  Alfarag provides no basis for the Court to find that his claims are subject to equitable tolling. The

20  Court therefore GRANTS DeJoy's Motion for Judgment on the Pleadings. Alfarag's claims are

21  hereby DISMISSED WITH PREJUDICE. Accordingly, the Court DENIES DeJoy's Motion to

22  Stay Case and Strike Deadlines as MOOT.

23       The clerk is ordered to provide copies of this order to all counsel.

24

Dated August 27, 2024.

Marsha J. Pechman
United States Senior District Judge