UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAJID ALFARAG, | CASE NO. 2:22-cv-1745 |
| Plaintiff, | ORDER |
| v. | |
| LOUIS DEJOY, Postmaster General, U.S. Postal Service, | |
| Defendant. | |

Pro se Plaintiff Majid Alfarag brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., alleging Defendant Louis DeJoy and the United States Postal Service discriminated against him on basis of his race, color, and origin. (Dkt. No. 4.) On April 25, 2024, Defendant moved for judgement on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 26.) After reviewing the Opposition (Dkt. No. 32), the Reply (Dkt. No. 33), the Surreply (Dkt. No. 34), and all supporting materials, this Court dismissed Alfarag's complaint with prejudice. (Dkt. No. 36.) In particular, the Court ruled that Alfarag

ORDER - 1

failed to exhaust his administrative remedies before bringing his Title VII claim. (Id. at 5–7.) Following entry of final judgment, (Dkt. No. 37), Alfarag timely filed his notice of appeal. (Dkt. No. 39.)

To date, Alfarag has proceeded in forma pauperis ("IFP"). (Dkt. No. 15.) On September 10, 2024, the Ninth Circuit Court of Appeals referred this matter to the district court for the limited purpose of determining whether IFP status should continue on appeal, "or whether the appeal is frivolous or taken in bad faith." (Dkt. No. 41.) The Court concludes that Alfarag's appeal is frivolous.

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In addition, "revocation of [IFP] status is appropriate where [the] district court finds the appeal to be frivolous." (Dkt. No. 41 at 1) (citing Hooker v. Am. Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002)). An appeal is frivolous where none of the legal points are arguable on their merits. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Alfarag's notice of appeal appears to raise a single claim of error which is not arguable on the merits. Alfarag disagrees with the Court's ruling and argues that he "[d]idn't fail[] to exhaust [his] administrative remedies for [his] Title VII claim." (Dkt No. 39 at 1.) But in his opposition, Alfarag conceded that he failed to seek EEO counseling within the 45-day time period with respect to any of his claims. (See Dkt. No. 32 at 6.) Because Alfarag admitted to failing to exhaust his administrative remedies, he cannot now argue the opposite on the merits for purposes of appeal.

Accordingly, the issue on appeal is not arguable on the merits. Neitzke, 490 U.S. at 325. Alfarag's appeal is frivolous and the court therefore ORDERS that his IFP status shall be revoked on appeal.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 13, 2024.

_____

Marsha J. Pechman
United States Senior District Judge